**FILED**

**November 29, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:47 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| JOE TUSA,<br>　　　　Employee,<br>v.<br>VOLKSWAGEN GROUP OF<br>AMERICA,<br><br>　　　　Employer,<br>And<br>XL SPECIALITY INSURANCE CO.,<br>　　　　Carrier. | Docket No.: 2015-07-0259<br><br>State File Number: 34226-2015<br><br>Judge Thomas Wyatt |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS (REVIEW OF THE FILE ONLY)

---

This matter came before the undersigned Workers' Compensation Judge on November 17, 2016, upon the Request for Expedited Hearing filed by Joe Tusa pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Tusa requested a review of the file without an evidentiary hearing,[1] seeking medical and temporary disability benefits for an alleged work injury caused by repetitive duties he performed in Volkswagen's paint shop. The focal issue at this stage of the claim is whether the submitted evidence establishes that Mr. Tusa's injury is compensable under statutory definitions, which Volkswagen denies. For the following reasons, the Court determines Mr. Tusa is not, at this time, entitled to the requested interlocutory relief.[2]

---

[1] In determining the appropriateness of deciding this claim on the record, the Court noted Volkswagen did not ask for an evidentiary hearing. The Court reviewed the submitted evidence and determined it did not need additional evidence to make a decision. Also, the Court reviewed all evidence submitted into the record because neither party objected to the evidence submitted.

[2] A complete listing of the technical record and the exhibits admitted into evidence is attached as an appendix to this Order.

1

## History of Claim

Mr. Tusa is a fifty-nine-year-old resident of Rossville, Georgia who worked at Volkswagen's plant near Chattanooga, Tennessee. As of April 13, 2015, Mr. Tusa had worked as team leader in the paint shop for more than four years. (T.R. 1 at 1; Ex. 4 at 1, 3, 5, 7; Ex. 5 at 1.) During the weeks preceding April 13, while performing his duties at Volkswagen, Mr. Tusa began experiencing low back pain radiating into his legs, left arm pain extending into his fingers, pain in both knees and pain in his left foot. (Ex. 5 at 2, 8.) On April 13, he called in sick because he could hardly walk due to pain. *Id.* at 8. Mr. Tusa returned to work the next day but reported a work injury to Volkswagen on April 16, when his pain continued to intensify as he worked. *Id.*

Volkswagen offered Mr. Tusa a panel from which he selected Dr. Jaime Recasens as authorized treating physician. (Ex. 9.) Dr. Recasens is located "on-site" at Volkswagen and Mr. Tusa saw him immediately. (Ex. 5 at 2; Ex. 11 at 1.) Dr. Recasens' note indicates Mr. Tusa mainly complained of back pain radiating down his left leg, but reported no trauma, falls, heavy lifting or known mechanism of injury. (Ex. 11 at 1.) Dr. Recasens assessed that Mr. Tusa had lumbar back pain with suspected sciatica but returned him to work without restrictions. *Id.* at 2, 3. He also opined that Mr. Tusa's injury did not arise primarily out of and in the course and scope of employment. *Id.* at 2.

On May 7, Mr. Tusa gave a recorded statement to Volkswagen's carrier. (Ex. 5 at 5.) In response to a question about how he was injured, Mr. Tusa stated:

> I am being 100% honest with you. I mean, they're calling it an injury. I'm not sure I did anything to my body, I mean I didn't hit anything, or anything like that. It's just I started feeling pain . . . and I reported it. . . . All I know is I hurt and it's not going away.

*Id.* at 11. Mr. Tusa also stated he was not satisfied with Dr. Recasens' decision to return him to work and that he intended to see his personal doctor about his pain. *Id.* at 9. Volkswagen denied the compensability of the claim on the ground it did not primarily arise from his employment. (Ex. 1.)

Mr. Tusa saw his personal physician, Dr. Melanie Blake, on May 11, reporting the same symptoms he reported to Dr. Recasens. (Ex. 6 at 1.) Dr. Blake noted Mr. Tusa reported that his job required manual labor and he was "aware that his job contributes to his pain." *Id.* Over the next several weeks, Mr. Tusa underwent x-rays of his neck and knees, an MRI of his neck, an EMG/NCS of his left arm, and numerous sessions of physical therapy, all prescribed by Dr. Blake. (Ex. 2; Ex. 3, Ex. 5 at 6, 7, 18-19.)

On August 17, Dr. Blake completed a Medical Questionnaire sent to her by Mr. Tusa's attorney. (Ex. 7.) In response to a question about work restrictions, she opined

2

that Mr. Tusa "is unable to perform manual labor" and that she had so restricted his work activities since May 2015. *Id.* Dr. Blake also answered affirmatively to a question whether "Mr. Tusa's employment at Volkswagen more likely than not contribute[d] more than 50% in causing Mr. Tusa's injury, considering all causes." (Ex. 7.)

Volkswagen sought its own causation opinion from Dr. David Darden, an osteopath practicing in the area of occupational and environmental medicine, whom it asked to review Mr. Tusa's treatment records. (Ex. 10 at 4.) Dr. Darden opined that Mr. Tusa's pain derives from pre-existing, non-work-related osteoarthritis and polyneuropathy. *Id.* at 3. While he recognized that a person with osteoarthritis will experience pain during and after the performance of repetitive physical activity, Dr. Darden concluded that Mr. Tusa did not sustain an injury that arose primarily out of and in the course and scope of employment by Volkswagen. *Id.*

In his Petition for Benefit Determination seeking medical and disability benefits, Mr. Tusa described his mechanism of injury as, "[r]epeatedly [and] forcefully struck in the back hundreds of times each day." (T.R. 1 at 1.) When the parties could not resolve their dispute through mediation, the mediating specialist filed a Dispute Certification Notice, after which Mr. Tusa filed his Request for Expedited Hearing. (T.R. 2, 5.)

In the affidavit he filed in support of his Request for Expedited Hearing, Mr. Tusa stated he had not worked at Volkswagen since May 11. (Ex. 5 at 3.) He also stated he had worked at an amusement park within the work restrictions set by Dr. Blake. *Id.* at 4.

**Findings of Fact and Conclusions of Law**

The Court applies the following legal principles in determining the issues in this Expedited Hearing. Mr. Tusa bears the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He need not, however, prove every element by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, he must come forward with sufficient evidence from which the Court can determine he is likely to prevail at trial in establishing his injury arose primarily out of and in the course and scope of employment. *Id.* This lesser evidentiary standard does not relieve Mr. Tusa from the burden of producing evidence of a compensable injury, but allows the Court to grant some relief if that evidence does not rise to the level of a preponderance of the evidence. *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

The statutory definition of a compensable injury governs the Court's decisional

3

analysis here. Tennessee Code Annotated section 50-6-102(14)(A) (2015) defines a compensable injury, including an injury caused by an aggravation of a pre-existing condition, as one resulting from a "specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Section 50-6-102(14)(B) expands on this definition by providing that an injury arises primarily out of and in the course and scope of employment only if the employee shows that his or her employment "contributed more than fifty percent in causing the injury, considering all causes." An employee must establish the above definitional requirements to a reasonable degree of medical certainty, meaning the employee must come forward with expert medical opinion establishing a causal link between the alleged injury and the employee's employment. *See* Tenn. Code Ann. § 50-6-102(14)(C) (2015.) The medical expert must state his or her opinion under a "more likely than not" standard, without resorting to speculation or mere possibility. *See* Tenn. Code Ann. § 50-6-102(14)(D) (2015).

A review of the record here reveals Mr. Tusa claims the cumulative injurious effect of his work at Volkswagen caused injury when superimposed on his pre-existing arthritic conditions. In his affidavit, Mr. Tusa explained that, until early 2015, most of his duties were supervisory, requiring little manual exertion. (Ex. 5 at 2.) However, the physical demands of his job changed when, in early 2015, his team lost a worker that Volkswagen did not replace. *Id.* Mr. Tusa stated he was then required to perform the job of the absent employee and, thus, began repetitively lifting, pushing, pulling, bending and twisting ten hours per day, four days per week. *Id.* He also claimed his new job duties placed him in close proximity to a line that mechanically transported cars with open doors. He claimed the open doors repeatedly struck him in the back as he worked. *Id.* In summary, Mr. Tusa stated in his affidavit, "[m]y body was not used to this much manual labor, and it was really physically taxing for me." *Id.*

The Court considered the conflicting medical expert testimony submitted by the parties in deciding this claim. In *Brees v. Escape Day Spa & Salon*, No. 2014-06-0072, 2015 TN. Wrk. App. Bd. LEXIS 5, at *14-15, (Tenn. Workers' Comp. App. Bd. March 12, 2015), the Workers' Compensation Appeals Board recognized a trial court's discretion to select which expert to accredit when the parties introduce conflicting expert opinions in support of their positions. However, a trial court must exercise this discretion within the framework of Tennessee Code Annotated section 50-6-102(14)(E) (2015), which provides, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence."

Here, Mr. Tusa selected Dr. Recasens from a panel, thus Dr. Recasens' opinion is entitled to the presumption of correctness afforded by statute. In addition, Dr. Darden also reviewed Mr. Tusa's treatment and diagnostic records and agreed that Mr. Tusa's pain did not arise primarily out of and in the course and scope of his employment at

4

Volkswagen. Thus, the Court must examine the opinion of Dr. Blake as compared to those of Drs. Recasens (presumed correct by statute) and Darden, who supports Dr. Recasens' opinion, to determine if Dr. Blake's opinion rebuts the contrary opinions by a preponderance of the evidence.

The Court begins its analysis by considering the history under which Dr. Blake provided her opinion. The Court notes that, upon receipt of Mr. Tusa's history of performing manual labor at Volkswagen, Dr. Blake wrote, "[patient] aware that his work contributes to his pain." (Ex. 6 at 1.) When asked whether Mr. Tusa's injury arose primarily out of and in the course of employment under the "more than 51%, considering all causes" standard, Dr. Blake wrote, "Yes, patient's symptoms developed after he started work at VW." (Ex. 7.)

In view of the above-quoted backdrop to Dr. Blake's causation opinion, the Court holds her opinion does not rebut the presumption of correctness afforded the opinion of Dr. Recasens. At its core, Dr. Blake's opinion established only contributory and temporal links between Mr. Tusa's arthritic conditions and his work at Volkswagen. The Court interprets the definitional requirements of the Workers' Compensation Law to require more than a contributory and temporal connection between and injury and work to establish compensability. *See Boyd v. Revel Logging, LLC.,* No. 2015-07-0053, 2015 TN. Wrk. Comp. App. Bd. LEXIS 31, at *9-10 (Tenn. Workers' Comp. App. Bd. Sept. 22, 2015) (holding A causation opinion based on a temporal relationship between an employee's injury and his work was insufficient to establish the compensability of the injury in the face of an opinion of another physician that the injury was not work-related.)

In view of the above, the Court holds that Mr. Tusa has not come forward with sufficient expert medical opinion to establish he is likely to prevail at a hearing on the merits in showing he sustained an injury that arose primarily out of and in the course and scope of his employment with Volkswagen. Accordingly, the Court denies the interlocutory relief Mr. Tusa sought.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Tusa's requests for medical and temporary disability benefit are denied at this time.

2. **This matter is set for a Status Hearing on February 1, 2017, at 11:00 a.m. Eastern Time.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of

compliance with this Order to the Bureau by email no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 29th day of November, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call toll-free at 855-747-1721 or 615-741-3061 to participate in the Status Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit

6

of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Notice of Denial of Claim for Compensation;
2. Records of Dr. Joshua Alpers/UT Erlanger Neuromuscular Medicine;
3. Records of Alliance Physical Therapy;
4. Job Description and Essential Job Functions and Physical Demands records;
5. Affidavit of Joe Tusa with attached transcript of Recorded Statement of May 7, 2015;
6. Records of Dr. Melanie Blake/Academic Internal Medicine;
7. Medical Questionnaire of Dr. Melanie Blake;
8. Wage Statement;
9. Agreement Between Employer/Employee Choice of Physician form;
10. Records of Dr. David D. Darden/Occupational Environmental Medicine;
11. Records of Pam Taylor, RN/Dr. Jaime Recasens.


Technical record:[3]

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Motion to Amend Dispute Certification Notice and Permit Employer Defense;
4. Order Granting Leave to Amend Dispute Certification Notice;
5. Request for Expedited Hearing;
6. Employer's Response to Request for Expedited Hearing Regarding Temporary Disability and Medical Benefits.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of November, 2016.

| Name | Via Email | Service sent to: |
|---|---|---|
| Joshua Ward, Attorney | X | Josh@masseyattorneys.com |
| J. Bartlett Quinn, Attorney | X | bquinn@chamblisslaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

9